# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR446** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DANIEL E. LEAMAN,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the government's objections thereto (Filing No. 24). *See* Order on Sentencing Schedule, ¶ 6. The Defendant has not filed objections pursuant to ¶ 6 of the Order on Sentencing Schedule; however, the Addendum to the PSR refers to objections submitted to the probation officer. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

***Both Parties; Drug Quantity***

The parties object to the drug quantity used in calculating the base offense level. The plea agreement provides pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) that the Defendant should be held responsible beyond a reasonable doubt for at least 50 but less than 150 grams of actual methamphetamine and the base offense level should be 32. The PSR reflects 526.16 grams of actual methamphetamine resulting in base offense level 36. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 32.

*Defendant's Additional Objections*

The Defendant objects to ¶ 14, and the objection is denied because the Court is not at liberty to change the government's version of the offense.

Similarly, the Defendant's objection to ¶¶ 15-21 because the Court is not at liberty to change information reflected in reports of proffer interviews.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objections (Filing No. 24) are granted;

2. The Court's tentative findings are that the Defendant's objections (Addendum) are granted with respect to the drug quantity used to calculate the base offense level in ¶ 31; otherwise, the Defendant's objections are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 9th day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge